IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIGNAL FINANCIAL HOLDINGS LLC and SIGNAL FUNDING LLC, both Delaware limited liability companies, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 17 C 8816 |
| v, | ) ) | |
| LOOKING GLASS FINANCIAL LLC, a Delaware limited liability company, and FARVA JAFRI, an individual, | ) ) ) ) | Hon. Joan Humphrey Lefkow |
| Defendants. | ) | |

DEFENDANT LOOKING GLASS FINANCIAL'S MOTION TO STAY ACTION
OR, IN THE ALTERNATIVE,
FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT

Defendant Looking Glass Financial LLC ("Looking Glass"), by its attorney, Mark A. Stang, moves this honorable Court to (i) stay this entire action until the Court has decided Looking Glass' pending motion to disqualify Constantine Gekas as counsel for the plaintiffs, or, in the alternative, if the Court declines to order a stay, then (ii) extend the time for Looking Glass to answer or otherwise plead to the complaint, pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, until fourteen (14) days following the Court's decision of the motion to disqualify. In support, Looking Glass states as follows:

1. Plaintiffs first served defendant Looking Glass with the complaint and summons on its Delaware registered agent on December 11, 2017. (Dkt. # 4). Accordingly, defendant Looking Glass' answer or responsive motion to the complaint is presently due on January 2, 2017. (Plaintiffs have not yet served defendant Jafri with process, and have declined her counsel's offer to accept from plaintiffs a request for waiver of service under Fed. R. Civ. P.

1

4(d)(1), the waiver of service Rule referenced by the Court at the December 20, 2017 hearing in this action.)

2. Defendant Looking Glass filed a motion to disqualify Constantine Gekas as counsel for plaintiff in this action, on December 18, 2017, just one week after Looking Glass was served with process. (Dkt. # 22). In accordance with the briefing deadline specified in the Court's minute order entered December 20, 2017 (Dkt. # 24), Looking Glass filed its memorandum in support of its motion to disqualify Gekas on December 29, 2017, supported by an affidavit from Farva Jafri and five exhibits. Since receiving the supporting memorandum, Mr. Gekas has acknowledged in in an email (dated December 30, 2017 @ 7:38 a.m.) that *he and his son, John Gekas* (Jafri's former attorney in the pending *Oasis* litigation against Signal, Jafri and others in the Circuit Court of Cook County) *are partners in that certain limited liability partnership known as "Gekas Law, LLP"* referred to in Looking Glass' memorandum and exhibits in support of its motion to disqualify Constantine Gekas.

3. The Court should stay this action to prevent any taint to the proceedings, and the Court's orders, from an ethically conflicted attorney, Constantine Gekas, continuing to prosecute this action against the client of his son and Gekas Law LLP partner, John Gekas, who represented Favri in the still-pending *Oasis* litigation. John Gekas was an attorney *for* Jafri until December 4; Constantine Gekas filed this action *against* Jafri on December 7.

4. A stay of proceedings will not prejudice plaintiffs. Instead of seeking expedited discovery, they should be expediting the filing of their response to the motion to disqualify (to which Looking Glass will expedite its reply) so that the matter can be fully briefed for as prompt a decision of the motion to disqualify as the Court's docket permits. Undersigned counsel has contacted plaintiffs' counsel via email over the holiday weekend suggesting an expedited

2

briefing schedule on the motion to disqualify. Plaintiffs' counsel has not responded to the suggestion of expedited briefing, but instead has threatened undersigned counsel with a Rule 11 motion and sanctions.

5. Plaintiffs have file a motion for preliminary injunction, complaining that defendants have not answered the complaint (while omitting to inform the Court that the answer of Looking Glass is not yet due, and that plaintiffs have never even served defendant Jafri with process, and are unwilling to request a Rule 4 waiver of service from Jafri). Notably, the motion for preliminary injunction does not allege, and cannot truthfully allege, that defendants have engaged in any actions of the type alleged in the complaint filed December 7, 2017 or proscribed by the TRO and extended TRO, entered over defendants' objections. Obviously, if defendants had engaged in any such conduct or had violated either TRO, plaintiffs' counsel would have proceeded to Court as fast as a rocket with a motion for rule to show cause. Thus, there is no emergency or exigency that compels the Court to enter orders potentially tainted by plaintiffs' counsel's ethical conflicts before deciding the motion to disqualify on an expedited basis.

6. Looking Glass respectfully requests the Court to stay this action pending decision on the motion to disqualify. However, if the Court declines to order a stay, then Looking Glass requests the Court to grant it an extension of time (the very first extension sought in this case) of 14 days after the Court's decision on the motion to disqualify in which to answer or otherwise plead to the complaint.

WHEREFORE, Defendant Looking Glass Financial LLC moves the Court to (i) stay this entire action until the Court has decided Looking Glass' pending motion to disqualify Constantine Gekas as counsel for the plaintiffs, or, in the alternative, should the Court to decline

to order a stay, then (ii) extend the time for Looking Glass to answer or otherwise plead to the complaint until fourteen (14) days following the Court's decision of the motion to disqualify.

                                      LOOKING GLASS FINANCIAL LLC

                                      By_____*Mark A. Stang*_____
                                            Mark A. Stang

Mark A. Stang
Stang-Law Firm
584 Hyacinth Place
Highland Park, Illinois 60035-1265
(847) 432-2073

## CERTIFICATE OF SERVICE

I, Mark A. Stang, an attorney, hereby certify that I caused a copy of the foregoing motion to stay this action or in the alternative to extend time to answer or otherwise plead to the complaint to be served on all counsel of record on December 31, 2017 by the Court's CM/ECF Transmission.

*/s/ Mark A. Stang*