**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILINOIS**
**Eastern Division**

| | |
|---|---|
| SIGNAL FINANCIAL HOLDINGS LLC, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 17-cv-8816 |
| | ) |
| LOOKING GLASS FINANCIAL LLC, *et al.*, | ) Hon. Joan Humphrey Lefkow |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' EMERGENCY MOTION TO SEAL DOCUMENT**

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Rule 26.2(c), Plaintiffs

Signal Financial Holdings LLC and Signal Funding LLC respectfully file this Emergency Motion

to Seal a Document (Docket No. 51) filed by Defendants containing highly damaging scandalous

false accusations and argument.

Defendants have filed a document containing false, scurrilous and scandalous accusations

against a person tangentially, if at all, involved in this litigation (Docket No. 51). The public

availability of that document will cause grievous harm to that person and Plaintiffs. That document

was filed by Defendant as part of their tactics of smear and obstruction unrelated to the merits of

the case.

Federal Rule 26(c)(1) provides that for good cause the Court may "issue an order to protect

a party or person from annoyance, embarrassment, oppression, or undue burden or expense …."

*See Strait v. Belcan Eng'g Grp., Inc.*, Case No. 11-cv-1306, FASTCASE AT *2-3 (N.D. Ill., 2012)

(Judge St. Eve). As *Strait* notes, in *Baxter Int'l v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002),

and other cases the Seventh Circuit has explained that

> in order to show good cause to file a document or portion thereof under seal, the
> requesting party must "analyze in detail, document by document, the propriety of

1

secrecy, providing reasons and legal citations." . . . Moreover, if a party claims that injury will result from public disclosure of certain information, it must provide support for such a statement. . . .

Local Rule 26.2(c) implements those standards with the same good cause standard for sealing a document.

On its face, the document establishes the good cause required by the Rules for a seal order, which can always be amended or removed if sufficient reason is later found to exist. The accusations are false, scandalous and advanced for the purpose of harassment alone. Detailed description of the document in this Motion would simply spread the poison of record defeating the purpose of requesting the document be sealed.

Plaintiffs earnestly request the Court to order that document sealed pending further consideration of its contents.

WHEREFORE, Plaintiffs respectfully move this Court on an emergency basis to seal Document Docket No. 51 and all attachments.

\* \* \* \*

Date: January 11, 2018          Respectfully submitted,

         /s/ Constantine John  Gekas
         Constantine John Gekas
         CJG@gekaslaw.com
         GEKAS LAW LTD.
         33 North LaSalle Street STE 2220
         Chicago, Illinois 60602
         Tel: (312) 726-4501
         Fax: (312) 726-4505

         *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

This will certify that on January 11, 2018, a copy of the foregoing was served by email and

U.S. Mail upon the following Counsel for Defendants:

Mark A. Stang
Stang-Law Firm
584 Hyacinth Place
Highland Park, Illinois  60035-1265
mstang@stang-law.com

/s/ Constantine John Gekas

3