**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILINOIS
Eastern Division**

| | |
|---|---|
| **SIGNAL FINANCIAL HOLDINGS LLC,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No. 17-cv-8816** |
| ) | |
| **LOOKING GLASS FINANCIAL LLC,** *et al.*, ) | **Hon. Joan Humphrey Lefkow** |
| ) | |
| **Defendants.** ) | |

**PLAINTIFFS' SECOND EMERGENCY MOTION TO TEMPORARILY SEAL AN
ADDITIONAL FILED DOCUMENT**

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Rule 26.2(c), Plaintiffs Signal Financial Holdings LLC and Signal Funding LLC respectfully file this Second Emergency Motion to Seal an Additional Document (Docket No. 62)[1] filed by Defendants in the middle of last night that publicly repeats the highly damaging scandalous and irrelevant false accusations and argument that was contained in the Memorandum (Docket No.51) that this Court temporarily sealed last week (Docket No. 55 – Seal Order.)

This conduct by Defendant flouts the Court's orderly processes and orders that among other things sealed the original scandalous filing and then in the Order confirming the PI Hearing ruled that the tabloid contents were completely irrelevant to this trade secrets case.

Plaintiffs respectfully submit that given the serious damage that Document 62 is likely to impose on them and the person involved, this Emergency Motion fulfills the standard for an emergency set forth in LR 77.2(a)(3) that it will cause "serious and irreparable harm" to Plaintiffs and the person involved.

---

[1] Docket No. 62 is entitled "Defendants' Combined Memorandum in Opposition To Plaintiffs' (i) Motion to Place Defendant's Memorandum Under Seal and (ii) Motion for Rule to Show Cause against Farva Jafri."

1

This filing completely ignores the Court's seal order and spreads the same scurrilous accusations in the public record of the original sealed document. That Defendants contend that the original document should not have been sealed is irrelevant. The Seal Order is binding and must be complied with until vacated or modified by the Court. "An order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." *U.S. v. United Mine Workers*, 330 U.S. 258, 293-4 (1947).

Violation of an unequivocal command from a court subjects the offender to sanctions and contempt of court. *Grove Fresh Dist., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 642 (7th Cir. 2002) (affirming contempt holding for disclosing information specifically disallowed by court order); *Marrocco v. General Motors Corp.*, 966 F.2d 220, 224-25 (7th Cir. 1992) (holding that a flagrant disregard of a court's protective order, even if not intentional, was sanctionable).

Defendants' abusive tactics in this case are mind-numbing and repeatedly force Plaintiffs and the Court to deal with matters entirely extraneous to the merits.

Plaintiffs adopt their argument in their first Emergency Motion to Seal to justify the sealing of this new filing under Federal Rule 23(c)(1) and Local Rule 26.2(c). (Copy attached.)

Plaintiffs ask only that the seal be imposed temporarily so that the parties and the Court can carefully work through the issues presented and deal fairly with Defendants' arguments.

WHEREFORE, Plaintiffs respectfully move this Court on an emergency basis to seal Document Docket No. 62 and all attachments.

\* \* \* \*

Date:   January 17, 2018                              Respectfully submitted,

                                                              /s/ Constantine John  Gekas
                                                          Constantine John Gekas
                                                          CJG@gekaslaw.com
                                                          GEKAS LAW LTD.
                                                          33 North LaSalle Street STE 2220
                                                          Chicago, Illinois 60602
                                                          Tel: (312) 726-4501
                                                          Fax: (312) 726-4505

                                                          *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

This will certify that on January 17, 2018, a copy of the foregoing was served by email and U.S. Mail upon the following Counsel for Defendants:

Mark A. Stang
Stang-Law Firm
584 Hyacinth Place
Highland Park, Illinois  60035-1265
mstang@stang-law.com

/s/ Constantine John Gekas

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILINOIS
Eastern Division

| | |
|---|---|
| **SIGNAL FINANCIAL HOLDINGS LLC,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 17-cv-8816 |
| ) | |
| **LOOKING GLASS FINANCIAL LLC,** *et al.*, ) | Hon. Joan Humphrey Lefkow |
| ) | |
| **Defendants.** ) | |

**PLAINTIFFS' EMERGENCY MOTION TO SEAL DOCUMENT**

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Rule 26.2(c), Plaintiffs Signal Financial Holdings LLC and Signal Funding LLC respectfully file this Emergency Motion to Seal a Document (Docket No. 51) filed by Defendants containing highly damaging scandalous false accusations and argument.

Defendants have filed a document containing false, scurrilous and scandalous accusations against a person tangentially, if at all, involved in this litigation (Docket No. 51). The public availability of that document will cause grievous harm to that person and Plaintiffs. That document was filed by Defendant as part of their tactics of smear and obstruction unrelated to the merits of the case.

Federal Rule 26(c)(1) provides that for good cause the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …." *See Strait v. Belcan Eng'g Grp., Inc.*, Case No. 11-cv-1306, FASTCASE AT *2-3 (N.D. Ill., 2012) (Judge St. Eve). As *Strait* notes, in *Baxter Int'l v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002), and other cases the Seventh Circuit has explained that

> in order to show good cause to file a document or portion thereof under seal, the requesting party must "analyze in detail, document by document, the propriety of

1

>   secrecy, providing reasons and legal citations." . . . Moreover, if a party claims that injury will result from public disclosure of certain information, it must provide support for such a statement. . . .

Local Rule 26.2(c) implements those standards with the same good cause standard for sealing a document.

On its face, the document establishes the good cause required by the Rules for a seal order, which can always be amended or removed if sufficient reason is later found to exist. The accusations are false, scandalous and advanced for the purpose of harassment alone. Detailed description of the document in this Motion would simply spread the poison of record defeating the purpose of requesting the document be sealed.

Plaintiffs earnestly request the Court to order that document sealed pending further consideration of its contents.

WHEREFORE, Plaintiffs respectfully move this Court on an emergency basis to seal Document Docket No. 51 and all attachments.

* * * *

Date:   January 11, 2018                    Respectfully submitted,

  /s/ Constantine John Gekas
Constantine John Gekas
 CJG@gekaslaw.com
GEKAS LAW LTD.
33 North LaSalle Street STE 2220
Chicago, Illinois 60602
Tel: (312) 726-4501
Fax: (312) 726-4505

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

This will certify that on January 11, 2018, a copy of the foregoing was served by email and U.S. Mail upon the following Counsel for Defendants:

Mark A. Stang
Stang-Law Firm
584 Hyacinth Place
Highland Park, Illinois  60035-1265
mstang@stang-law.com

/s/ Constantine John Gekas