### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| SIGNAL FINANCIAL HOLDINGS LLC, and SIGNAL FUNDING LLC, both Delaware limited liability companies, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 17 C 8816 |
| LOOKING GLASS FINANCIAL LLC, a Delaware limited liability company, and FARVA JAFRI, and individual, | ) ) ) ) | Judge Joan H. Lefkow |
| Defendants. | ) ) | |

## ORDER

Plaintiffs' third emergency motion to partially seal defendants' answer and counterclaims and Rule 12(f) motion to strike defendants' insufficient, impertinent, and scandalous third affirmative defense (dkt. 83) is granted. The Clerk shall place document number 82 under seal until further order of court.[1] By 2/12/18 defendants shall file a redacted version of their answer in the public file. See Statement.

## STATEMENT

Signal Financial Holdings LLC and Signal Funding LLC (together, Signal) have brought claims for trade secret misappropriation under the Defend Trade Secrets Act and the Illinois Trade Secrets Act.[2] As part of their complaint, plaintiffs allege that Jafri was aware of and breached a confidentiality provision of a Signal employee handbook. Plaintiffs do not, however, bring a claim for breach of contract as to the employee handbook.

In their answer to the complaint, defendants raise an affirmative defense of unclean hands based on alleged breaches of sections of the handbook by a non-party to this litigation. Defendants assert the same factual allegations as they did in their memorandum in support of an evidentiary hearing on plaintiffs' motion for preliminary injunction. (*See* dkt. 51 at 2–5.) As the court previously informed defendants, those allegations are not germane to the claims at issue in

---

[1] Defendants and their attorney are free to discuss the allegations alleged to support the unclean hands defense with whomever they choose. But as the defense is under seal, they are not to distribute the unredacted answer (dkt. 82).

[2] Plaintiffs also brought a claim for violation of the Computer Fraud and Abuse Act.

this case.[3] (*See* dkt. 60 at 2.) That is because "the clean hands doctrine only applies when there is a direct nexus between the bad conduct and the activities sought to be enjoined." *Intertek USA Inc.* v. *AmSpec, LLC*, No. 14 CV 6160, 2014 WL 4477933, at *7 (N.D. Ill. Sept. 11, 2014) (quoting *Shondel* v. *McDermott*, 775 F.2d 859, 869 (7th Cir. 1985)). Tying the allegations to a violation of the employee handbook does not create a nexus to misappropriation of trade secrets. Accordingly, the third affirmative defense is stricken.

Additionally, plaintiffs seek to have the unclean hands defense placed under seal. Without expressing a view on the merits of defendants' allegations, the court accepts that the allegations are of a scandalous nature. As previously stated, these allegations are not related to the case and therefore not related to its disposition. *See Baxter Int'l, Inc.* v. *Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002) ("The strong presumption of public disclosure applies only to the materials that formed the basis of the parties' dispute and the district court's resolution."). The allegations are likely to cause serious and irreparable harm to plaintiffs as well as to a non-party to this litigation who is not in a position to respond to them. Accordingly, pursuant to Local Rule 26.2, the court places the affirmative defense under seal until further notice. Defendants are to file a redacted copy of their answer and affirmative defenses.

The court has previously explained that defendants' allegations are irrelevant to an unclean hands defense. (*See* dkt. 51 at 2–5.) Yet defendants, through their counsel, again attempt to place the allegations at issue. It is telling that defendants' three-page argument in support of the defense contains no citation to any law. Such behavior warrants the inference that defendants, through their counsel, seek to use the court system to publicly attack the reputations of both the plaintiffs and the non-party. This has generated unnecessary motion practice and generated significant waste of the court's limited resources. The court instructs defendants to consider 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11(b)(1) before making additional filings.

---

[3] "The goal of the unclean hands defense is to prevent the plaintiff from acting unfairly, deceitfully, or in bad faith, and then coming to court to seek to gain from his transgression." *Sullens* v. *Graham*, No. 14 CV 866, 2014 WL 6765138, at *2 (N.D. Ill. Dec. 1, 2014). But the defense "is not to be used as a loose cannon, depriving a plaintiff of an equitable remedy to which he is otherwise entitled merely because he is guilty of unrelated misconduct." *Am. Hosp. Supply Corp.* v. *Hosp. Prod. Ltd.*, 780 F.2d 589, 601 (7th Cir. 1986).

Date:  February 8, 2018

_____

U.S. District Judge Joan H. Lefkow