IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| **SIGNAL FINANCIAL HOLDINGS LLC,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 17-cv-8816 |
| ) | |
| **LOOKING GLASS FINANCIAL LLC,** *et al.*, ) | Hon. Joan Humphrey Lefkow |
| ) | |
| **Defendants.** ) | |

**PLAINTIFFS' OPPOSITION TO RULE 11 EXTENSION MOTIONS OF DEFENDANTS AND ADAM HECHT**

Plaintiffs Signal Financial Holdings LLC and Signal Funding LLC ("Signal") respectfully oppose the Motions of Defendants and of attorney Adam Hecht (Docket Nos. 103 & 109) for extensions of time within which to file responses to Plaintiffs' Rule 11 Motion (Docket No. 93).

By Order of February 20, 2018, this Court required responses to that Rule 11 Motion to be filed by March 7. Movants ask for those responses to be extended until after the Court rules on the Disqualification Motion that is the subject of that Rule 11 Motion.

The Movants do not state good cause for their extension requests.

As the Advisory Committee Notes to Rule 11 state:

A party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so. The time when sanctions are to be imposed rests in the discretion of the trial judge. However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, *and in the case of motions at the time when the motion is decided or shortly thereafter*. 1983 Adv. Comm. Notes to Rule 11. (emphasis added.)

Moreover, "[p]arties must request Rule 11 sanctions 'as soon as practicable after discovery of a Rule 11 violation.'" *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 80 F.Supp.3d 838, 858 (N.D. Ill., 2015) (quoting *Kaplan v. Zenner*, 956 F.2d 149, 151 (7th Cir. 1992)).

1

The combination of these rules is that subject to the Court's discretion as to timing, Rule 11 motions are usually to be decided promptly after filing. Defendants' requests for delay do not take this into account.

In fact, Defendants,' Mr. Stang's and Mr. Hecht's explanations as to what possible objective bases they had in making their patently false arguments will assist in the resolution of the Disqualification Motion itself. This alone is a sufficient reason to deny the extension motions.

WHEREFORE, Plaintiffs respectfully oppose the Motions of Defendants and of attorney Adam Hecht for extensions of time within which to file responses to Plaintiffs' Rule 11 Motion.

* * * *

Date: March 6, 2018            Respectfully submitted,

    /s/ Constantine John Gekas
Constantine John Gekas
 CJG@gekaslaw.com
GEKAS LAW LTD.
33 North LaSalle Street STE 2220
Chicago, Illinois 60602
Tel: (312) 726-4501
Fax: (312) 726-4505

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

This will certify that on March 6, 2018, a copy of the foregoing was served by the Court's electronic filing system upon the following Counsel for Defendants:

Mark A. Stang
Stang-Law Firm
584 Hyacinth Place
Highland Park, Illinois  60035-1265
mstang@stang-law.com

and by email and USPS Priority Mail upon the following:

Adam M. Hecht
HECHT SCHONDORF LLC
900 Skokie Blvd., Suite 104
Northbrook, IL. 60062
ahecht@hechtschondorf.com

/s/ Constantine John Gekas