# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SIGNAL FINANCIAL HOLDINGS LLC, and SIGNAL FUNDING LLC, both Delaware limited liability companies, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 17 C 8816<br>)<br>) Judge Joan H. Lefkow |
| LOOKING GLASS FINANCIAL LLC, a Delaware limited liability company, et al., | )<br>)<br>) |
| Defendants. | ) |

## ORDER

Defendant Michael Olsen counterclaimed against plaintiffs Signal Financial Holdings LLC and Signal Funding LLC for violation of the Age Discrimination in Employment Act, 29 U.S.C. § 6101. Signal moves to dismiss because Olsen did not file a charge with the Equal Employment Opportunity Commission before suing. Signal also moves to stay Olsen's pending arbitration over unpaid wages, arguing that Olsen has waived his right to arbitration. The motion to dismiss (dkt. 350) is granted. The motion to stay arbitration (dkt. 352) is denied. See statement.[1]

## STATEMENT[2]

### I. Background

Signal terminated Olsen as its chief marketing officer in October 2017. (Dkt. 348 ¶ 13.) Soon afterward, Signal filed this lawsuit against Olsen's codefendant (and now his counsel) Farva Jafri for misappropriating trade secrets in connection with her forming a competing enterprise. (Dkt. 1.) Signal amended the complaint to add Olsen as a defendant, alleging that he 1) misappropriated trade secrets; 2) breached his fiduciary duty; 3) aided Jafri in breaching her fiduciary duty; and 4) breached his confidentiality agreement. Olsen unsuccessfully moved to dismiss the claims against him. (Dkt. 295 at 17–18.)

---

[1] This court has jurisdiction under 28 U.S.C. § 1331 and 1367. Venue is appropriate under 28 U.S.C. § 1391(b).

[2] The facts are taken from Signal's complaint and are presumed true for this motion. *See Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). Because Olsen filed his counterclaim *pro se*, the court construes his allegations liberally.

Olsen began returning fire after the court denied his motion to dismiss. First, in December 2019, Olsen filed an arbitration claim before the American Arbitration Association seeking severance pay and compensation for unused vacation time. (Dkt. 369-1.) He was contractually entitled to severance pay only if he were not terminated for cause. (Dkt. 391-1 Exh. 3 ¶ 9(d)). Because Signal claimed that Olsen's assistance to Jafri was part of the cause for his termination, the arbitration shares some factual issues with this case.

Second, in February 2020, Olsen filed a *pro se* counterclaim in this suit alleging that Signal terminated him based on his age in violation of the ADEA. He alleges that he was 53 years old when Signal terminated him, one in a string of terminations of all Signal's employees over 50 years old. (Dkt. 348 ¶¶ 11–14.) Olsen alleges on information and belief that Signal replaced him with a younger, less qualified employee. (*Id.* ¶ 15.) Olsen does not allege that he filed an age-discrimination charge with the EEOC before filing his counterclaim. (*Id.* at 58–60.) In his counseled response to the motion to dismiss, Olsen claims that through Jafri he "will be filing charges of discrimination with the [EEOC] and will file an amended complaint alleging violations of the [ADEA] following the EEOC's issuance of a Notice of Right to Sue." (Dkt. 391 at 3.) Olsen further claims in his response to the motion to dismiss that Signal did not have ADEA notices posted in its office. (*Id.*; dkt. 391-1.) As far as the record reflects, Olsen has yet to file his charge.

## II. Motion to Dismiss

"In order to bring an ADEA claim in federal court, a plaintiff must first have raised it in a timely EEOC charge." *Ajayi* v. *Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003) (citing 29 U.S.C. § 626(d)). Because Olsen concedes that he has not filed an EEOC charge, the counterclaim must be dismissed.

Normally dismissal would be without prejudice but, because it is too late to bring an EEOC charge, the counterclaim must be dismissed with prejudice. Olsen had 300 days from his October 2017 termination to file an EEOC charge, which passed in August 2018. 29 U.S.C. § 626(d)(1)(B). Olsen responds that he is entitled to equitable tolling because Signal did not post ADEA notices in a prominent place. *See Kephart* v. *Institute of Gas Tech.*, 581 F.2d 1287, 1289 (7th Cir. 1978). *Kephart* held that where an employer does not post a notice of rights under the ADEA as 29 C.F.R. § 850.10 requires, the limitations period "will begin to run when the employee either retains an attorney or acquires actual knowledge of his rights under the ADEA." *Kephart*, 581 F.2d at 1289. Olsen retained an attorney by December 31, 2018, when counsel appeared for Olsen in this case. (Dkt. 197.)[3] Thus, even if the court accepts the facts as Olsen states them in his response to the motion to dismiss, Olsen needed to file an EEOC charge by October 2019.

Olsen's counterclaim is therefore dismissed with prejudice.

---

[3] Other evidence in the record suggests that Olsen had counsel before that. (Dkt. 369-1 Exh. 5.)

### III.  Motion to Enjoin Arbitration

Olsen has initiated a valid arbitration that the Federal Arbitration Act compels this court to respect. "Federal policy favors the enforcement of private arbitration agreements. This policy is embodied in the Federal Arbitration Act, which provides that arbitration agreements 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract.'" *St. Mary's Med. Ctr. of Evansville, Inc.* v. *Disco Aluminum Prods.*, 969 F.2d 585, 587 (7th Cir. 1992) (quoting 9 U.S.C. § 2) (citations omitted). Here, there is no dispute that Signal agreed to arbitrate disputes related to Olsen's employment agreement. (Dkt. 369-1 Exh. 3 ¶ 19.) His pending arbitration relates to his employment agreement. (Dkt. 369-1 Exh. 1.) Because Olsen has properly invoked the arbitration provision, the court must honor it.

In addition, Signal is not entitled to an injunction or stay of arbitration because it cannot prove either irreparable harm or the absence of adequate remedies at law. To obtain an injunction, Signal must first show that it will suffer irreparable harm, that traditional legal remedies would be inadequate, and that it is likely to succeed on the merits. *Girl Scouts of Manitou Council, Inc.* v. *Girl Scouts of U.S.A., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). Signal's only argument for irreparable harm and lack of a legal remedy is that the arbitration is duplicative of this litigation. But that is insufficient to establish irreparable harm. *Trustmark Ins. Co.* v. *John Hancock Life Ins. Co. (U.S.A.)*, 631 F.3d 869, 872 (7th Cir. 2011).[4]

Moreover, Signal has adequate legal remedies. Most importantly, the arbitrator is competent to hear any waiver or claim-splitting arguments; indeed, federal law presumes that those issues go to the arbitrator instead of the court. *Moses H. Cone Memorial Hosp.* v. *Mercury Constr. Corp.*, 460 U.S. 1, 25, 103 S. Ct. 927 (1983). If Signal's procedural arguments do not persuade the arbitrator, Signal will have a full and fair opportunity to arbitrate the merits of Olsen's wage claims. If Signal defeats the claims, it will have suffered no harm by arbitrating instead of litigating them. If Olsen succeeds, Signal has yet another potential legal remedy—a motion to vacate the arbitral award under 9 U.S.C. § 10.

Signal cites several cases establishing that a court may find that a party waived its right to arbitrate a claim by first litigating it. *Cabinetree of Wis., Inc.* v. *Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995); *St. Mary's*, 969 F.2d at 590–91. In those cases, the party seeking to arbitrate asked the court to stay its own litigation to facilitate the arbitration. Here, the procedural posture is flipped. Signal asks this court to reach out and stop pending arbitration to decide an issue that the arbitrator is competent to make, which is inappropriate under the Federal Arbitration Act. *See Nat'l Am. Ins. Co.* v. *Transamerica Occidental Life Ins. Co.*, 328 F.3d 462, (8th Cir. 2003) (refusing to address waiver of already-pending arbitration which "may be presented for the [arbitral] panel's consideration"). The court therefore does not decide whether

---

[4] Signal cites this court's recent observation that "injunctions against arbitration are permissible and common." *INTL FCStone Fin., Inc.* v. *Jacobson*, No. 19 C 1438, 2019 WL 2356989, at *9 (N.D. Ill. June 4, 2019), *appeal dismissed*, 950 F.3d 491 (7th Cir. 2020). But in that case, the court denied an injunction against arbitration. *Id.* at *8. The court held only that it was not sanctionable to request one when the injunction would have stopped an arbitration in the wrong forum to facilitate another arbitration in the correct forum. *Id.* That reasoning does not apply here, where Signal seeks to stop arbitration in the correct forum to force the claim into litigation.

Olsen waived his right to arbitration or impermissibly split his claims. Signal must present those arguments to the arbitrator.

Date: April 13, 2020

_____
U.S. District Judge Joan H. Lefkow