IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIGNAL FINANCIAL HOLDINGS LLC; and SIGNAL FUNDING, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 17 C 8816 |
| v. | ) ) | |
| LOOKING GLASS FINANCIAL LLC; FARVA JAFRI; PINNACLE DISABILITY LLC; PINNACLE STRUCTURES LLC; LOOKING GLASS LEGAL LLC; LOOKING GLASS PARTNERS LLC; SUGAR FELSENTHAL GRAIS & HELSINGER LLP; JONATHAN P. FRIEDLAND; VANESSA J. SCHOENTHALER; ETAHN M. COHEN; and ELIZABETH B. VANDESTEEG, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Maria Valdez |
| Defendants. | ) ) | |

# ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Production of Documents [Doc. No. 546]; Plaintiffs' Second Motion to Compel Production of Billing Records on the Grounds of Waiver and Third-Party Presence [Doc. No. 556]; Plaintiffs' Motion to Compel Jafri Defendants' Production of "PPP Loan" Materials and Pre-Settlement Funding Client Files [Doc. No. 558]; and the Looking Glass Defendants' Motion to Compel Plaintiffs to Produce Documents Responsive to

Defendants' First and Second Requests for Production [Doc. No. 559]. For the reasons that follow, all of the motions are denied.

## BACKGROUND

The full history of this over three-year-old case, comprising nearly 600 docket entries, is unnecessary to evaluate the present group of motions. In January 2018, the District Judge granted Plaintiffs' motion for expedited discovery, but discovery has been anything but expeditious since then. For a number of reasons not relevant here, the discovery schedule was set, stayed, and reset several times before October 2020, when the District Judge set the deadline to January 15, 2021. Shortly thereafter, Plaintiffs' agreed motion to extend the deadline was granted, and discovery was set to close on April 15, 2021. Discovery was again stayed from mid-December to March 2021, and then the fact deadline was finally extended to May 18, 2021 in an order specifying that "No further extensions will be allowed."[1] (3/22/21 Minute Order) [Doc. No. 519]. The depositions of defendants Vanessa Schoenthaler and Jonathon Friedland took place on March 24 and 25, 2021, and defendant Farva Jafri's deposition was held on May 13, 2021.[2]

---

[1] On April 20, 2021, the expert discovery deadline was extended for a single witness, and the order expressly stated: "Discovery is not extended for any other purpose and will not be extended again for any reason." (4/20/21 Minute Order) [Doc. No. 537].

[2] In their Motion to Strike Plaintiffs' Reply to the Sugar Felsenthal Defendants' "Initial" Opposition to Plaintiffs' Second Motion to Compel Production of Billing Records on the Grounds of Waiver and Third-Party Presence [Doc. No. 568], the Jafri Defendants assert that many of Plaintiffs' statements related to the scheduling of her deposition (including that she refused to sit for it) were false or misleading. The motion is denied as moot, because even if false, the statements are not "truly redundant, immaterial, impertinent, or scandalous," and the Jafri Defendants, through this motion, have put their response to the allegations in the record. *See Khungar v. Access Cmty. Health Network*, 18 C 1454, 2020 WL 2219046, at *10 (N.D. Ill. May 7, 2020), *aff'd*, 985 F.3d 565 (7th Cir. 2021) ("Filing a

On May 10, 2021, Plaintiffs filed a motion to compel the SFGH Defendants[3] to produce (1) time entries related to Plaintiff Signal Funding LLC's bill for a September 29, 2017 phone call between the four individual SFGH Defendants and defendant Jafri; and (2) a narrative memorandum prepared by Friedland "regarding the event underlying this case that he reviewed in preparation for his deposition."

Then on May 18, 2021, at 7:05 p.m. CDT, the day discovery was set to close, Plaintiffs filed their second motion to compel the SFGH Defendants, seeking production of certain unredacted billing record entries related to (1) events on October 3, 2017, including phone calls and an email between Jafri and three individual SFGH Defendants; and (2) an October 16, 2017 call between Schoenthaler, Jafri, and Michael Walker, who was at that time Plaintiffs' Chief Technology Officer.

Plaintiffs filed a motion to compel the Jafri Defendants[4] to produce financial materials including loan documents and pre-settlement funding customer files. This motion was also filed on the discovery deadline, at 8:06 p.m. CDT.

The Jafri Defendants filed their own motion to compel Plaintiffs to produce certain documents related to Oasis Legal Finance Operating Co., a competitor of

---

separate motion to strike is generally not helpful, as it simply multiplies the number of motions and pages of briefing. Indeed, this is the very reason why motions to strike are considered 'disfavored.'").

[3] This group of defendants includes Sugar Felsenthal Grais & Helsinger LLP, Jonathan P. Friedland, Vanessa J. Schoenthaler, Etahn M. Cohen, and Elizabeth B. Vandesteeg.

[4] The Jafri Defendants, sometimes referred to as the Looking Glass Defendants, are Looking Glass Financial LLC, Farva Jafri, Pinnacle Disability LLC, Pinnacle Structures LLC, Looking Glass Legal LLC, and Looking Glass Partners LLC.

Plaintiffs, as well as emails from a number of Plaintiffs' custodians. This motion was filed at 9:33 p.m. CDT on May 18, 2021.

## DISCUSSION

A. **Motion to Compel Production of Documents [Doc. No. 546]**

Sugar Felsenthal billed Signal for one hour of Schoenthaler's time, at $550 per hour, on September 29, 2017 for "VJS Call with J. Friedland, E. Vandesteeg, E. Cohen and F. Jafri re: pre- vs. post-settlement funding and various other matters." Plaintiffs contend that during the depositions of individual defendants, they were given reason to believe that the other lawyers on the call would also have submitted their time for the call, especially defendant Etahn Cohen, who testified that his regular practice would be to create a time entry. Plaintiffs assert that the time entries are relevant to their claims and are not privileged to anyone but Signal.

Defendants respond that Schoenthaler was the only attorney who entered time for the September 29, 2017 telephone call. Sugar Felsenthal has submitted a sworn statement by its General Counsel that the firm searched its time entry software but found no other billing entries for the call, and thus the motion to compel their production is denied.

Plaintiffs next ask Defendants to produce a narrative memorandum that Friedland prepared in late 2017. In his deposition, Friedland testified that among the documents he reviewed to prepare for his deposition was a "narrative that I wrote to memorialize the facts several years ago." (Friedland Dep., Pls.' Mot., Ex. 3

at 10:11-12). He stated that he drafted the memorandum in December 2017 after Sugar Felsenthal's insurance carrier put the firm on notice of the litigation.

The narrative was listed in Sugar Felsenthal's privilege log, which stated that the document was non-responsive and protected from disclosure by the attorney-client privilege and work product doctrine. Plaintiffs assume for purposes of the motion that the information is privileged but contend that it should nevertheless be disclosed pursuant to Federal Rule of Evidence 612, which provides that when a writing is used to refresh a witness's memory before testifying, "an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony." Fed. R. Evid. 612(b).

"Although the Seventh Circuit has not adopted a specific test governing when a witness's use of documents to prepare for a deposition warrants disclosure of such documents, courts in this circuit have applied the reasoning of *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985)." *Africano v. Atrium Med. Corp.*, 17 C 7238, 2019 WL 1294642, at *2 (N.D. Ill. Mar. 21, 2019) (collecting cases). "The *Sporck* test requires that: '(1) the witness must use the writing to refresh his memory; (2) the witness must use the writing for the purpose of testifying; and (3) the court must determine that production is necessary in the interest of justice.'" *Id.* (quoting *Sporck*, 759 F.2d at 317) (explaining that "the purpose of Rule 612 is to facilitate testing the witness's credibility and memory as it relates to her testimony, not to promote 'fishing expeditions' into the papers a witness may have used to prepare for a deposition").

Plaintiffs contend that the first two elements of the test are met because "Friedland reviewed the Narrative to refresh his recollection and prepared to testify at the deposition about the events surrounding his decision to enter into the conflicting representation by the Jafri Defendants." (Pls.' Mot. at 4.) Plaintiffs further believe that it is in the interest of justice to compel the production of the document because Friedland and the other SFGH defendants testified that they did not recall the events leading to their decision to represent Jafri and her affiliated entities while at the same time representing Plaintiffs.[5]

Defendants respond that the memorandum was prepared in anticipation of the present litigation and discusses both facts and defenses and is thus trial preparation material protected from disclosure by Federal Rule of Civil Procedure 26, which provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But . . . those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A).

---

[5] Plaintiffs also ask that a copy of the document be submitted to the Court "for an *in camera* review to enable it to properly evaluate this Motion and to preserve the issue for the eventuality of an appeal." (Pls.' Mot. at 5.) The Court declines Plaintiffs' invitation, however, because application of the relevant factors does not depend upon the content of the document at issue, nor is an *in camera* review necessary to preserve the appellate issue.

The original complaint was filed on December 7, 2017, and although the SFGH Defendants were not in the case at the time Friedland wrote the memorandum, he was on notice that litigation against the firm was imminent, and the document was prepared because of the prospect of litigation. *See Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118-19 (7th Cir. 1983). The narrative is therefore protected work product, and Plaintiffs have offered no legal basis for ordering its production. The fact that Friedland reviewed the document before his deposition does not warrant disclosure under Rule 612. According to Plaintiffs' motion, Friedland could not recall the reasons for Sugar Felsenthal's decision to represent Jafri in her new business ventures, and Plaintiffs want the narrative because they expect it will contain that information. But Friedland's testimony established that the document did not refresh his memory or assist his testimony with regard to that topic. A witness's review of materials does not implicate Rule 612 unless the materials are used to refresh his recollection. *See Africano*, 2019 WL 1294642, at *2 ("Rule 612 does not authorize wholesale exploration into opposing counsel's files but rather is limited to writings that may be fairly said to have an impact on the testimony of the deponent.").

B. **Plaintiffs' Second Motion to Compel Production of Billing Records on the Grounds of Waiver and Third-Party Presence [Doc. No. 556] and Plaintiffs' Motion to Compel Jafri Defendants' Production of "PPP Loan" Materials and Pre-Settlement Funding Client Files [Doc. No. 558]**

In their next motion to compel, Plaintiffs seek complete, unredacted Sugar Felsenthal billing entries for the dates of October 3, 2017, and October 16, 2017. The October 3 entries describe calls and an email between Jafri and three individual SFGH Defendants but redact the subject matter of the communications. That date is significant to Plaintiffs because their Amended Complaint quotes an email Jafri sent to a potential investor on October 3 stating that she had "talked to [her] attorneys" about his concern that Signal might sue if he invested in her business. (Am. Compl. ¶ 125) [Doc. No. 184]. Plaintiffs contend that the redacted information must be disclosed because Jafri has waived privilege as to the subject matter: in two declarations dated May 10, 2021,[6] and again in her May 13 deposition, Jafri denied that she spoke with any lawyers from Sugar Felsenthal that day. The October 16, 2017 entry redacts the subject matter of a telephone call with Jafri and Michael Walker, who was Plaintiffs' officer at the time. Plaintiffs argue that the presence of a third party vitiates any claim of privilege made by Jafri.

Defendants respond that the motion to compel should be denied as untimely because it was not filed until after the close of business on the last day of discovery,

---

[6] The parties have not explained why the declarations were created, but they do not appear to have been filed as exhibits to a brief by Jafri herself, and their purpose is unclear. Most of the paragraphs in the declarations simply deny allegations in the Amended Complaint that were cited in the District Judge's opinion on Defendants' motions to dismiss in December 2019.

8

and the motion does not raise any issues that could not have been brought to the Court's attention weeks or months earlier.[7]

Plaintiffs respond that the motion was timely filed before midnight on the last day of discovery. They assert that the grounds for the motion arose only in the last few days of discovery, when they received the Jafri Declarations and took her deposition at which she also identified the "M. Walker" in the October 16 billing entry as Plaintiffs' CTO Michael Walker.

"Although there are no timing boundaries outlined in Rule 37, in this circuit 'motions to compel filed after the close of discovery are generally deemed untimely.'" *Africano*, 2019 WL 10891868, at *1 (citation omitted). Plaintiffs' motion was filed before midnight, but the Court could not have ordered compliance before the May 18 discovery deadline, and thus the motion was not timely filed. *See* N.D. Ill. L.R. 16.1(4) ("Except to the extent specified by the court on motion of either party, discovery must be completed before the discovery closing date. Discovery requested before the discovery closing date, but not scheduled for completion before the discovery closing date, does not comply with this order."); *Sofo v. Pan-Am. Life Ins. Co.*, 13 F.3d 239, 241-42 (7th Cir. 1994) (upholding district court's grant of protective order where plaintiff failed to serve requests more than thirty days prior to the discovery close); *see also Finwall v. City of Chi.*, 239 F.R.D. 494, 499 (N.D. Ill. 2006) ("[I]t would be inappropriate and untimely under our local rules to serve a

---

[7] After Defendants filed an initial response directed solely to the issue of timeliness, reserving their arguments on the merits, the Court entered a minute order stating that it would address the timeliness issue first.

9

discovery request on the eve of the discovery deadline, because there would not be adequate time in which to complete discovery.").

Because the motion was filed after the deadline, Plaintiffs are seeking to reopen discovery. A discovery schedule may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see* Fed. R. Civ. P. 6(b)(1). The decision whether to grant a motion to reopen discovery rests within the sound discretion of the court. *Winters v. Fru-Con Inc.*, 498 F.3d 734, 743 (7th Cir. 2007); *see also Reales v. Consol. Rail Corp.*, 84 F.3d 993, 997 (7th Cir. 1996) (holding that district courts may deny a request for an extension of only one day after a deadline in order to manage their caseloads and enforce deadlines).

Unlike the relatively lenient "good cause" standard under Rule 6, "when used in Rule 16(b)(4), case law establishes that the term 'good cause' imposes a much heavier burden. In fact, Rule 16(b)(4)'s 'good cause' requirement, which focuses on diligence, is more onerous than Rule 6(b)(1)(B)'s 'excusable neglect.'" *McCann v. Cullinan*, No. 11 C 50125, 2015 WL 4254226, at *10-11 (N.D. Ill. July 14, 2015) ("In the Seventh Circuit, the court's primary inquiry is the diligence of the party seeking the extension.") (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)); *see also* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993))

10

(listing factors relevant to the excusable neglect analysis, including prejudice to the opponent; the impact of the delay; the reasons for the delay, including whether they were in the "reasonable control of the movant"; and whether the movant acted in good faith); *Brooks v. Kmart Corp.*, 315 B.R. 718, 722 (N.D. Ill. 2004) (noting that the reason for delay is "arguably the most significant factor in the *Pioneer* test"). Plaintiffs, as the moving parties, "bear[ ] the burden to establish [their] diligence." *McCann*, 2015 WL 4254226, at *11.

Plaintiffs have offered no compelling reasons to extend the discovery schedule. *See Africano*, 2019 WL 10891868, at *1 ("The court may excuse a late motion to compel where the moving party has 'reasonable and persuasive justification for its untimeliness.'"). The Court does not doubt Plaintiffs' assertion that the last couple of weeks of discovery were extraordinarily busy, but that does not excuse Plaintiffs' failure to raise the present issues prior to that time. As Defendants point out, the redacted billing entries were produced in early January, and Plaintiffs had Jafri's October 3 email on which the waiver argument was based at least two years before that, when it was quoted in Plaintiffs' Amended Complaint. Similarly, it is not reasonable to assume that Plaintiffs could not have, through minimal diligence, learned the identity of "M. Walker," and determined that he was their own officer Michael Walker until after Jafri's deposition.

Even if Plaintiffs could not have known the grounds for the motion before taking Jafri's deposition, Plaintiffs acknowledge that they did not even attempt to schedule it until November 2020, and they never sought an order to compel Jafri's

11

attendance until two days before her deposition took place. Plaintiffs' decision not to take her deposition in the more than three years prior to the deadline lacked diligence and was not reasonable, because it left Plaintiffs out of time and unable to avail themselves of the Court's power to adjudicate their discovery disputes. Long before the March order setting the final deadline, the parties were aware that both this Court and the District Judge were not inclined to grant significant discovery extensions,[8] and one of the few things the parties can agree on is that this case has been contentious throughout. All parties should therefore have been unusually diligent in completing discovery. Part of being diligent is anticipating discovery disputes and difficulty in scheduling depositions. While the Court always encourages cooperation among the parties, cooperation does not replace action or the need to perfect one's position.

Any suggestion that Plaintiffs could not have earlier raised disputes with respect to the billing records is also belied by the fact that on January 24, 2020, they did move to compel Sugar Felsenthal to supplement its discovery responses regarding its representation of Jafri, arguing among other things that the firm was improperly asserting privilege. They did not include the present arguments in that motion but had all the information they needed to do so. Plaintiffs filed a supplement three days later, stating that the parties had worked out a revised

---

[8] In a motion filed on February 19, 2021, Plaintiffs quoted a transcript of a January 6, 2021, hearing before the District Judge in which she stated that "I don't intend to extend discovery any more in this case because it's just dragging on and on and the more -- the longer it goes on, the more disputes there are. So, at some point we have to wrap it up. So, get to work – ." (Pls.' Mot. to Vacate Stay at 4.) [Doc. No. 503].

production schedule, and the District Judge denied the motion as moot. Then on February 25, 2020, Plaintiffs filed a renewed motion relating in part to billing entries and privilege objections but withdrew that motion the following day. Plaintiffs have not explained why the current disputes could not have been presented in either of those earlier, abandoned motions.

Plaintiffs have also failed to establish good cause to extend discovery for their Motion to Compel Jafri Defendants' Production of "PPP Loan" Materials and Pre-Settlement Funding Client Files [Doc. No. 558]. The Jafri Defendants have agreed to produce certain documents in their possession, but the motion to compel additional production is denied.

C. **Looking Glass Defendants' Motion to Compel Plaintiffs to Produce Documents Responsive to Defendants' First and Second Requests for Production [Doc. No. 559]**

The Jafri Defendants have requested all emails sent to or from seven addresses associated with Plaintiffs for periods of thirteen to fifteen months and all emails sent between three of Plaintiffs' principals for over six months. None of the requests are limited by subject matter or key word, and according to a declaration submitted by Plaintiffs' Chief Technology Officer, a search revealed that there were 242,008 items responsive to the requests, 61.50 GB of data. A declaration submitted by Plaintiffs' General Counsel estimates that 61.50 GB could contain 750,000 to 1,000,000 pages and would take ten people 184 days to review.[9]

---

[9] Plaintiffs agreed to produce documents responsive to two of the requests, which contained only a total of 255 documents, and affirmed that no documents were responsive to one of the requests.

13

The Jafri Defendants have offered no good cause to extend discovery by several weeks or months. Plaintiffs' allegedly deficient responses were served on September 10, 2020, and discovery was not stayed until two and a half months later. The Jafri Defendants have not established that they made any effort to narrow the facially overbroad requests or otherwise diligently worked to obtain the discovery before the deadline, and thus the motion is untimely.

Finally, the Jafri Defendants seek all documents Plaintiffs produced to Oasis as part of prior litigation between them. Plaintiffs explain that although the discovery is available on a cloud server, they are prevented by a settlement agreement and order in that case from possessing or accessing the material. The Court concludes that, even if it were timely, the discovery could not be compelled. The Jafri Defendants have not established that Plaintiffs have the right to possess the requested documents. To the extent that some Oasis documents inadvertently remained in the custody and control of Plaintiffs, they have agreed to produce them.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel Production of Documents [Doc. No. 546]; Plaintiffs' Second Motion to Compel Production of Billing Records on the Grounds of Waiver and Third-Party Presence [Doc. No. 556]; Plaintiffs' Motion to Compel Jafri Defendants' Production of "PPP Loan" Materials and Pre-Settlement Funding Client Files [Doc. No. 558]; and the Looking Glass Defendants' Motion to Compel Plaintiffs to Produce Documents Responsive to Defendants' First and Second Requests for Production [Doc. No. 559] are denied. The Looking Glass Defendants' Motion to Strike Plaintiffs' Reply to the Sugar Felsenthal Defendants' "Initial" Opposition to Plaintiffs' Second Motion to Compel Production of Billing Records on the Grounds of Waiver and Third-Party Presence [Doc. No. 568]; and the Looking Glass Defendants' Second Motion to Strike Plaintiffs' Motion to Supplement Reply [Doc. No. 572] are denied. Plaintiffs' Motion to Supplement Reply [Doc. No. 571] is granted.

**SO ORDERED.**            **ENTERED:**

**DATE:**   June 10, 2021       _____
                                               **HON. MARIA VALDEZ**
                                               **United States Magistrate Judge**