IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIGNAL FINANCIAL HOLDINGS LLC and SIGNAL FUNDING, LLC, both Delaware limited liability companies, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 17 C 8816 |
| LOOKING GLASS FINANCIAL LLC, a Delaware limited liability company, *et al.*, | ) ) ) | Judge Joan H. Lefkow |
| Defendants. | ) ) | |

## **ORDER AND OPINION**

Plaintiffs Signal Financial Holdings LLC and Signal Funding LLC (collectively, Signal Funding) move under Federal Rule of Civil Procedure 56 for summary judgment on the defamation counterclaim brought by Defendants Farva Jafri, Looking Glass Financial LLC, Looking Glass Partners LLC, Looking Glass Legal LLC, Pinnacle Structures LLC, and Pinnacle Disability LLC (collectively, Jafri). (Dkt. 675.) For the following reasons, the motion is granted.

## **BACKGROUND**[1]

Jafri resigned from Signal Funding on September 28, 2017. (PSOF ¶15.)[2] On October 7, 2017, however, Jafri accessed her Signal Funding email account and forwarded several Signal

---

[1] The facts in this section are based on the factual assertions and objections thereto contained in the parties' Local Rule 56.1 submissions. *See Curtis* v. *Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015); *Stevo* v. *Frasor*, 662 F.3d 880, 886–87 (7th Cir. 2011). What follow are many, but not all, properly supported factual assertions, based on the undisputed facts as admitted by the parties or, if an objection was raised, based on the court's review of the underlying evidence. *See Omnicare, Inc.* v. *UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011).

[2] This decision cites Signal Funding's LR 56.1(a)(2) statement as "PSOF ¶_" and Jafri's LR 56.1(b)(3) statement as "DSOAF ¶_."

Funding files[3] to her personal email account. (PSOF ¶¶4, 14, 15, 20.) According to Signal Funding, the information was proprietary work product (PSOF ¶10), and some files were marked "Confidential" (PSOF ¶16).

On or shortly after October 7, 2017, Jafri responded to an email she had received earlier from Signal Funding's human resources director, in which Jafri stated that she would be unable help the company with any issues and that she had other employment. (PSOF ¶5.).

Several weeks later, Signal Funding discovered that Jafri had formed a competing business. (PSOF ¶6.) It filed this lawsuit. "On December 7, 2017, Signal Funding's Vice President of Operations [Mark Weiner] called a meeting of Signal [Funding] staff employees to announce the filing of this lawsuit against Jafri. Weiner declared that 'Farva stole information from the company.'" (PSOF ¶3; DSOF ¶¶37, 38.) Weiner did not provide any further details. (PSOF ¶3.)

## LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views all facts in the light most favorable to the nonmovant and draws all reasonable inferences in its favor. *See Matsushita Elec. Indus. Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant bears the initial burden of showing that there is no genuine issue of material fact. *See Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986). To avoid summary judgment, the non-movant must do more than raise "some metaphysical doubt as to the material

---

[3] The specific files that Jafri emailed to herself are not relevant to the merits, but they included investor profiles, funding models, projected settlements, underwriting standards and procedures, contracting and lien purchase documents, executive summaries, descriptions of the portfolio companies' methods of operation, lists of purchased receivables, logs of original claims, and portfolios of payouts, receivables, and financial models, among others. (*See* PSOF ¶¶9, 17, 18, 19.)

2

facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. Rather, it "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). To create a genuine dispute of fact, the evidence must be "such that a reasonable jury could return a verdict for the [non-movant]." *Id.* at 248. If a claim is factually unsupported, it should be disposed of on summary judgment. *Celotex*, 477 U.S. at 323–24.

## ANALYSIS

Jafri claims that Weiner's statement that she "stole information from the company" was defamation *per se*. "To state a defamation claim [under Illinois law], a plaintiff must present facts showing that the defendant made a false statement about the plaintiff, the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages." *Solaia Tech., LLC* v. *Specialty Pub. Co.*, 852 N.E.2d 825, 839 (Ill. 2006). Certain false statements qualify as defamatory *per se* because the harm to a person's reputation is obvious and apparent on its face, meriting a presumption of damages. *See Green* v. *Rogers*, 917 N.E.2d 450, 461 (Ill. 2009). There are five categories of statements that are considered defamatory *per se* but the only one invoked here is "words that impute a person has committed a crime." *See Solaia Tech., LLC*, 852 N.E.2d at 839. Even if a statement falls into a defamation *per se* category, it may not be actionable if the defendant can demonstrate that the statement is either reasonably capable of an innocent construction, an expression of opinion, or subject to a privilege. *See id.*

Signal Funding argues that it is entitled to summary judgment on Jafri's defamation counterclaim on three independent bases. First, the allegedly defamatory statement that Jafri "stole information" is substantially true. Second, the statement is not actionable because it is

reasonably susceptible to an innocent construction. Third, the statement is protected by qualified privilege because the statement arises in an employer-employee context. Signal Funding is entitled to summary judgment on each of these grounds.

On the first basis, substantial truth, it is undisputed that Jafri transferred or copied Signal Funding's property to her personal email after her employment with the company had ended. That arguably describes "theft" under Illinois law. *See* 720 Ill. Comp. Stat. 5/16-1(a)(1) ("A person commits theft when he or she knowingly … [o]btains or exerts unauthorized control over property of the owner"); *see also id.* § 5/15-1 (defining "property" as "anything of value," including anything that is "otherwise of value to the owner"). And, contrary to Jafri's only argument opposing summary judgment on this basis, it does not matter if the information she took was first misappropriated by Signal Funding from a third party. *See id.* § 5/16-1(a)(4) ("A person commits theft when he or she knowingly … [o]btains control over stolen property knowing the property to have been stolen or under such circumstances as would reasonably induce him or her to believe that the property was stolen"). Signal Funding need not show that Jafri is guilty of theft beyond a reasonable doubt, because "[o]nly 'substantial truth' is required for th[is] defense" to defamation, meaning a defendant needs only to prove "the 'gist' or 'sting' of the statement." *J. Maki Const. Co.* v. *Chi. Reg'l Council of Carpenters*, 882 N.E.2d 1173, 1186 (Ill. App. Ct. 2008). No reasonable jury could find that substantial truth has not been established, and so summary judgment for Signal Funding on this basis is appropriate.

Second, notwithstanding the substantial truth of Weiner's statement, it is still not actionable because it is subject to an innocent construction. "Under the 'innocent-construction rule,' a court must consider the statement *in context* and give the words of the statement, and any implications arising from them, their natural and obvious meaning." *Green*, 917 N.E.2d at 463

4

(citation omitted). "[T]he context of the statement is critical in determining its meaning" and "a statement reasonably capable of a nondefamatory interpretation, given its verbal … context, should be so interpreted." *Id.* (citation and internal quotation omitted). As one district court observed in *Tamburo* v. *Dworkin*, "[t]o a lay person … , 'theft' can also mean the wrongful act of taking the property of another person without permission." 974 F. Supp. 2d 1199, 1214 (N.D. Ill. 2013) (involving "theft" of publicly available information on a website that was "not protected by adequate security measures"). The information that Jafri transferred "could be reasonably understood as [Signal Funding's] property—[it] had collected it, and it was [Signal Funding's] work in compiling it that gave it value. [Signal Funding] did not give [Jafri] permission to copy it." *Id.* Moreover, the statement was made when Weiner was explaining to staff that the company had filed an action against Jafri, alleging that she wrongfully took company information. Regardless of whether Jafri's actions satisfy the legal definition of theft, a lay person hearing Weiner's statement could reasonably understand Jafri's actions to constitute "stealing information." Jafri offers no counter argument to Signal Funding's innocent construction argument. Thus, Weiner's statement that Jafri "stole information" is reasonably capable of an innocent construction, and so summary judgment for Signal Funding is appropriate on this basis as well.

      Last, Signal Funding argues that it is entitled to a qualified privilege because the alleged defamatory statement arises out of an employer-employee relationship. "Qualified privilege … is based on a policy of protecting honest communications of misinformation in certain favored circumstances in order to facilitate the availability of correct information." *Dent* v. *Constellation NewEnergy, Inc.*, — N.E.3d — , 2022 WL 1180643, at *5 (Ill. 2022) (citing *Kuwik* v. *Starmark Star Mktg. & Admin., Inc.*, 619 N.E.2d 129, 133 (Ill. 1993)). "A privileged communication is one

that might be defamatory and actionable except for the occasion on which, or the circumstances under which, it is made." *Id.*

"Once a defendant establishes a qualified privilege, … a plaintiff must show a direct intention to injure another, or a reckless disregard of the defamed party's rights and of the consequences that may result to him." *Dent*, — N.E.3d — , 2022 WL 1180643, at *5 (cleaned up). "Stated otherwise, an abuse of a qualified privilege may consist of any reckless act which shows a disregard for the defamed party's rights, including the failure to properly investigate the truth of the matter, limit the scope of the material, or send the material to only the proper parties." *Id.* (internal quotations and citation omitted).

The undisputed evidence establishes that Signal Funding is entitled to a qualified privilege. A defendant-employer may have a qualified privilege "[i]f the defamation claim arises out of an employer-employee relationship." *Krasinski* v. *United Parcel Serv., Inc.*, 530 N.E.2d 468, 471 (Ill. 1988). This includes situations where "a corporate employer [is] investigating certain conduct by its employees" because "[a] corporation has an unquestionable interest in investigating and correcting a situation where one of its employees may be engaged in suspicious conduct within the company." *Popko* v. *Cont'l Cas. Co.*, 823 N.E.2d 184, 190 (Ill. App. Ct. 2005). And that interest applies to situations involving recently separated employees. *E.g.*, *Haywood* v. *Lucent Techs., Inc.*, 169 F. Supp. 2d 890, 917 (N.D. Ill. 2001) (plaintiff alleged that former employer made defamatory remarks about her to its current employees).

The employer-employee context of the alleged defamatory statement about Jafri's conduct, which was the basis of a lawsuit that the company brought against her, is a situation that is protected by qualified privilege. Jafri concedes that Weiner had an interest in informing Signal Funding staff of the lawsuit but argues that raising criminal accusations was unnecessary. But the

theft accusation is the basis for the lawsuit, and so they are inseparable. Signal Funding and its staff had an interest in knowing the alleged basis for the lawsuit, especially given that Jafri had accessed her Signal Funding email and transferred files after her resignation and the HR director had been in contact with Jafri to seek her assistance post-resignation. *See id.* (employer, security guards, and employees had "compelling interest—even a duty—in knowing whether [plaintiff] was no longer employed by the company and no longer allowed on the premises").

Jafri has not met her burden to overcome this privilege. She lacks any evidence that Weiner acted with an intent to injure her or in reckless disregard for her rights. Jafri invokes Federal Rule of Civil Procedure 56(d) (When Facts Are Unavailable to the Nonmovant) as a basis to allow the counterclaim to proceed to trial, but that rule is for circumstances when more discovery is required before a nonmovant can respond to a motion for summary judgment. Jafri makes no properly supported request for additional discovery. Therefore, the undisputed evidence shows that Signal Funding is entitled to a qualified privilege, and Jafri has not offered any evidence to overcome the presumption.

In summary, Signal Funding is entitled to summary judgment on Jafri's defamation counterclaim because the allegedly defamatory statement is substantially true, reasonably capable of innocent construction, and entitled to qualified privilege.

## CONCLUSION

Plaintiffs' motion for summary judgment on the defamation counterclaim (dkt. 675) is granted.

Date: November 30, 2022

_____
U.S. District Judge Joan H. Lefkow

7